## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

        Plaintiff,        Civil Action No.:
                                Honorable:

v.

                                COMPLAINT AND JURY
                                TRIAL DEMAND

MENARD, INC.


        Defendant.
_____/

## **NATURE OF THE ACTION**

This is an action under Title VII of the Civil Rights Act of 1964, and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of sex, and to seek appropriate relief for Renee Knowles and Stacy Robinson, who were affected by such unlawful practices. As alleged with greater particularity in paragraph 12 below, the EEOC alleges that Defendant, Menard, Inc. ("Defendant"), violated Title VII of the Civil Rights Act by subjecting

Knowles, Robinson and other similarly situated females to sexual harassment.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 as amended ("Title VII"), 42 U.S.C. § 2000e-5(f)(1) and (3).

2. The alleged unlawful employment practices were committed within the jurisdiction of the United States District Court for the Eastern District of Michigan, Southern Division.

## PARTIES

3. Plaintiff Equal Employment Opportunity Commission ("the Commission") is an agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §§2000e-5(f)(1) and (3).

4. At all times, Defendant has continuously been a company under the laws of the State of Michigan, doing business in the city of

Wixom, Michigan, and has continuously had at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. §§2000e-(b), (g), and (h).

## ADMINISTRATIVE PROCEDURES

6. More than 30 days prior to the institution of this lawsuit, Knowles filed a charge of discrimination with the Commission alleging violations of Title VII by Defendant.

7. On or about September 26, 2019, the Commission issued to Defendant a Letter of Determination regarding Knowles' charge of discrimination, finding reasonable cause that Title VII was violated, and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

8. The Commission engaged in communications with Defendant to provide Defendant with the opportunity to remedy the discriminatory practices described in the Letter of Determination.

9. The Commission was unable to secure from Defendant a

conciliation agreement acceptable to the Commission.

10. On or about November 7, 2019, the Commission issued a Notice of Failure of Conciliation to Defendant.

11. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

12. Since at least July 2016 through September of 2018, Defendant engaged in unlawful employment practices at its Wixom, Michigan location, in violation of Section 703(a)(1) of Title VII, 42 U.S.C. §2000e-2(a)(1). These unlawful employment practices included, but were not limited to the following:

    a. Defendant engaged in sex discrimination against Knowles, Stacy Robinson and other similarly situated female employees by subjecting them to severe or pervasive sexual harassment and by creating or maintaining a hostile work environment because of their sex;

    b. At all relevant times, Laith Patros ("Patros") was Knowles' supervisor in Defendant's Hardware Department;

    c. At all relevant times, Miguel Duran Jr.("Duran") was

Defendant's hardware-department manager;

      d.    Patros regularly and inappropriately pinched Knowles' buttocks and tried to pinch her buttocks.

      e.    Patros regularly sent Knowles explicitly sexual or pornographic texts and instant messages, some of which included photographs or video files of graphic sexual images.

      f.    Patros regularly and inappropriately touched and sent explicit sexual messages to other female employees, including Stacy Robinson.

      g.    In April or May of 2017, Duran and his assistant manager received a complaint from another female employee about Patros sending sexual messages to the employee.

      h.    Duran chose not to investigate the complaint. Instead, he told Patros, "not to dip his pen in company ink."

      i.    In April of 2018, Knowles complained to Duran about sexually explicit messages from Patros. Duran chose not to investigate the complaint.

      j.    Patros continued to inappropriately touch and send explicit sexual material to Knowles after management received and

5

failed to investigate two complaints regarding his behavior.

   k. Patros continued to inappropriately touch and send sexually explicit material to other female employees, including Stacy Robinson, after management received and failed to investigate two complaints regarding his behavior.

   l. Patros was not investigated or disciplined by Defendant in any way until another complaint was made in September 2018, at which time Defendant concluded he was sexually harassing female employees and terminated him.

   m. In September of 2018, Defendant issued Duran a written warning for failing to act on the previous complaints he received regarding Patros.

  13. The effect of the practices complained of above was to deprive Knowles, Robinson and other similarly situated female employees of equal employment opportunities and otherwise adversely affect their status as employees because of their sex.

  14. The unlawful employment practices complained of above were intentional.

  15. The unlawful employment practices complained of above

were done with reckless indifference to the federally protected rights of Knowles, Robinson and other similarly situated female employees.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. GRANT a permanent injunction enjoining Defendant Employer, its officers, successors, assigns, and all persons in active concert or participation with it, from maintaining a sexually hostile work environment;

B. ORDER Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for female employees and which eradicate the effects of its past and present unlawful employment practices;

C. ORDER Defendant Employer to make whole Knowles, Robinson and other similarly situated female employees providing compensation for past and future pecuniary losses resulting from the unlawful practices described in paragraph 12 above, in amounts to be determined at trial;

D. ORDER Defendant Employer to make whole Knowles,

Robinson and other similarly situated female employees by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices described in paragraph 12 above, including but not limited to emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial;

E. ORDER Defendant Employer to pay Knowles, Robinson and other similarly situated female employees punitive damages for its malicious and reckless conduct described in paragraph 12 above, in amounts to be proven at trial;

F. GRANT such further relief as the Court deems necessary and proper in the public interest.

G. AWARD the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,

SHARON FAST GUSTAFSON
General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

/s/Kenneth Bird
KENNETH BIRD
Regional Attorney

/s/ Omar Weaver
OMAR WEAVER (P58861)
Supervising Trial Attorney

/s/ Miles L. Uhlar
MILES L. UHLAR (P65008)
Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
DETROIT FIELD OFFICE
Patrick V. McNamara
477 Michigan Avenue, Room 865
Detroit, Michigan 48226
Tel. No. (313) 226-3410

May 19, 2020